Filed 9/22/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| THE PEOPLE, | B295235 |
| | (Los Angeles County |
| Plaintiff and Respondent, | Super. Ct. No. BA109527) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING |
| CLIFFORD BYERS, | |
| | [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed on August 25, 2020 is modified to delete footnote 5 on page 6.

This modification does not change the judgment.

The petition for rehearing is denied.

CERTIFIED FOR PUBLICATION.

_____

DHANIDINA, J.          EDMON, P. J.          EGERTON, J.

Filed 8/25/20 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CLIFFORD BYERS,<br><br>     Defendant and Appellant. | B295235<br><br>(Los Angeles County<br>Super. Ct. No. BA109527) |


APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed with direction.

Maria Morrison, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Under Proposition 36, the Three Strikes Reform Act of 2012 (the act), Clifford Byers petitioned for resentencing on his conviction of possession of a firearm with a prior. The trial court found he was ineligible for resentencing because Byers was armed with a firearm during the commission of that offense. Byers appeals on the ground there was insufficient evidence he was armed with a firearm. We agree and therefore reverse the order.

## BACKGROUND

In 1998, Byers was convicted of numerous drug-related crimes. As relevant here, he was also convicted of count 20 for possessing a firearm with a prior (former Pen. Code,[1] § 12021.1). Based on prior strikes, Byers was sentenced to 75 years to life in prison. He was also sentenced to a concurrent 25-years-to-life term on count 20. A different panel of this division affirmed the judgment of conviction. (*People v. Byers* (May 23, 2000, B127027) [nonpub. opn.].)[2]

In 2012, Byers petitioned for resentencing under the act.[3] By its terms, a prisoner serving a third strike sentence for a nonserious or nonviolent felony may be resentenced as a second striker if the prisoner does not pose an unreasonable risk of

_____

[1] All further statutory references are to the Penal Code.

[2] Byers had argued that there was insufficient evidence to support his conviction of count 20, but the court declined to address the argument because it had been raised for the first time in the reply brief. (*People v. Byers*, *supra*, B127027, at p. 20, fn. 3.)

[3] The act amended sections 667 and 1170.12 and added section 1170.126.

danger to public safety.  The trial court found that Byers was ineligible for resentencing due to weight enhancements that had been found true.  Byers appealed, and we affirmed the order in part.  (*People v. Byers* (June 8, 2016, B260487), at p. 5 [nonpub. opn.].)  However, we reversed and remanded the case for the trial court to reconsider Byers's eligibility for resentencing on certain counts, including count 20 for possessing a firearm with a prior.  As to count 20, we noted that Byers's eligibility for resentencing depended on whether he was armed during the commission of the offense.  (*Id.* at p. 3.)

On remand and after briefing and an evidentiary hearing, the trial court found Byers eligible for resentencing on all counts before it *except* count 20.  The evidence, as summarized in our prior opinion affirming the judgment of conviction, relevant to count 20 was as follows.

In 1997, law enforcement was surveilling Byers for drug trafficking.  On June 24, 1997, at 7:00 a.m., police saw Byers at a single family residence on New York Drive where he had been seen three to four times before.  That morning, Byers drove to Las Vegas.  He returned in the evening to a different residence, where he was arrested.  This residence was about four miles from the house on New York Drive.  That same day, police searched the residence on New York Drive.[4]  They found an invoice and garbage bags full of records bearing Byers's name.  A car belonging to Byers was parked in the garage.  A loaded firearm was found in a dresser drawer in the master bedroom, and a second firearm was recovered from a downstairs closet.

---

[4] The record does not show what time they searched the house that day.

3

Based on this evidence, the trial court denied the petition as to count 20.  The trial court reasoned that possessing a firearm is a continuing offense and, during the course of Byers's possession, he had the firearms available for use at different points in time.  As Byers was seen coming to and from the residence on New York Drive over a period of days, the trial court found it of no moment that Byers did not have the guns within immediate reach at the time they were found.  Hence, the trial court concluded that Byers was armed with a deadly weapon and therefore ineligible for resentencing on count 20.

## DISCUSSION

We review a resentencing eligibility determination for substantial evidence to the extent it was based on evidence in the record of conviction.  (*People v. Perez* (2018) 4 Cal.5th 1055, 1066.)  We "view the evidence in the light most favorable to the trial court's findings without reassessing the credibility of witnesses or resolving evidentiary conflicts." (*People v. Thomas* (2019) 39 Cal.App.5th 930, 935–936.)  We "determine if there was sufficient evidence for the trial court to conclude that the prosecutor did not prove that the petitioner is ineligible for resentencing beyond a reasonable doubt." (*Perez*, at p. 1066.)

A conviction of possession of a firearm by a felon is neither a serious nor a violent felony.  (§§ 667.5, subd. (c), 1192.7, subd. (c).)  A defendant is therefore eligible for resentencing on such a conviction under the act unless, during commission of the current offense, the defendant was armed with a firearm.  (§ 667, subd. (e)(2)(c)(iii); *People v. Johnson* (2015) 61 Cal.4th 674, 681.)  Stated otherwise, a defendant is ineligible for resentencing if he was armed with a firearm during the unlawful possession of that firearm.  (*People v. Hicks* (2014) 231 Cal.App.4th 275, 284.)

4

Being armed with a firearm is to be distinguished from possessing one. Possessing a firearm can be either actual, as when it is in the defendant's immediate possession, or it can be constructive, as when it is under the defendant's dominion or control. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029–1030.) In contrast, being armed with a firearm means having it "available for use, either offensively or defensively." (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1051; *People v. Bland* (1995) 10 Cal.4th 991, 997.) Also, a finding that a felon was armed during his possession of a firearm requires "a temporal nexus between the arming and the underlying felony." (*People v. Hicks, supra,* 231 Cal.App.4th at p. 284; accord, *People v. Cruz* (2017) 15 Cal.App.5th 1105, 1111–1112.) Thus, a defendant is armed with a weapon even if it is not on his person if he knows it is in a place readily accessible to him. (*People v. White* (2016) 243 Cal.App.4th 1354, 1362.)

Cases holding that the defendant was armed with a firearm while also in possession of a firearm have generally been based on fact patterns in which the defendant was close to the firearm near the time of the firearm's discovery. In *People v. White, supra,* 243 Cal.App.4th at page 1358, for example, officers saw the defendant carrying a fanny pack. The officers lost sight of the defendant. When they saw him a few minutes later, the fanny pack looked less full. Officers found a gun in a trash can along the path the defendant had walked. Two bullets bearing the same make as the gun were in the fanny pack. The defendant was convicted of possession of a firearm, and the trial court denied his subsequent petition for resentencing because he was armed during the commission of his offense of possessing the firearm. (*Id.* at p. 1359.) The court of appeal agreed, noting that

5

the jury's finding that the defendant possessed the gun necessarily implied he was aware it was hidden in the trash can, and it was readily accessible to him when he walked by the trash can. (*Id.* at p. 1361.)

The defendant in *People v. Elder* (2014) 227 Cal.App.4th 1308 was similarly armed so as to preclude eligibility for resentencing. In *Elder*, a task force executing a search warrant found the defendant outside the front of his apartment. A gun was inside the apartment on a shelf, and another gun was in an unlocked safe in a bedroom. Police also found a photograph of the defendant holding a gun identical in appearance to the gun on the shelf. This was sufficient evidence that the defendant actually possessed the guns or had dominion and control over them such that they were readily available for his use. (*Id.* at p. 1317; see, e.g., *People v. Hicks, supra*, 231 Cal.App.4th at pp. 274–275 [defendant arrested outside apartment where he had left a gun]; *People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1011 [defendant in doorway of home; gun in bedroom].)

The facts here are not like those in *White* and *Elder*. Here, Byers was nowhere near the guns when they were discovered at the house on New York Drive. He was four miles away, and he had not been at the house since early that morning. Although Byers had been seen at the house three or four times previously, there was no evidence Byers was ever seen with or even near the guns. There was no evidence of when the guns were placed in the house, much less that Byers placed them there.[5]

---

[5] In his declaration in support of the petition, Byers said that one gun belonged to his wife and was kept in a lock box, to be taken out for safety reasons when Byers was not there.

These facts bring Byers closer to the hypothetical parolee described in *People v. Osuna*, *supra*, 225 Cal.App.4th at page 1030: "[S]uppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control. If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use. Accordingly, possessing a firearm does not necessarily constitute being armed with a firearm."

In concluding that Byers was ineligible for resentencing, the trial court below noted that possession of a firearm is a continuing offense, meaning that the proscribed conduct may extend over an indefinite period. (See *People v. Mason* (2014) 232 Cal.App.4th 355, 365.) The trial court then observed that Byers went to and from the house over a period of days and had been there on the morning he was arrested. From this, the trial court concluded there was sufficient evidence Byers was armed with the firearms when he was at his house.

This reasoning appears to equate constructive possession[6] of a firearm with a finding he was armed with them. But the two are not synonymous. "[C]onstructive possession does not equate to 'armed' possession without at least some indication of ready access in close temporal proximity to the discovery of the offense." (*People v. Valdez* (2017) 10 Cal.App.5th 1338, 1361 (dis. opn. of Duarte, J.).) "[N]ot every commitment offense for unlawful

---

Byers's relative brought the second gun to the house while Byers was out of town.

[6] As we have indicated, there is no evidence Byers actually possessed the firearms.

possession of a gun *necessarily* involves being armed with the gun, if the gun is not otherwise available for immediate use in connection with its possession, e.g., where it is under a defendant's dominion and control in a location not readily accessible to him at the time of its discovery." (*People v. Elder*, *supra*, 227 Cal.App.4th at pp. 1313–1314.) Equating constructive possession of a firearm with being armed renders meaningless the requirements of ready access and temporal nexus. (*Valdez*, at p. 1358 (dis. opn. of Duarte, J.).) Byers was miles away from the firearms when they were found and, moreover, there was no evidence connecting him to those firearms other than that they were in a house where he had been seen earlier in the day and where his car was parked and documents bearing his name were found. Therefore, there is insufficient evidence he was armed with a firearm during the offense of possessing the firearm.

## DISPOSITION

The order is reversed. The trial court is directed to find Clifford Byers eligible for resentencing on count 20.

CERTIFED FOR PUBLICATION.

DHANIDINA, J.

We concur:

EDMON, P. J.

EGERTON, J.

8