Filed 6/21/21  P. v. Williams CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B305302 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A325611) |
| v. | |
| ROBERT LEE WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Drew E. Edwards, Judge.  Reversed and remanded with directions.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Robert Lee Williams appeals the summary denial of his petition for resentencing under Penal Code section 1170.95.[1] Williams contends, and the Attorney General agrees, that because the record of conviction does not demonstrate that Williams is ineligible for relief as a matter of law, the superior court summarily denied the petition in error. We agree and remand the matter to the superior court for further proceedings, including the issuance of an order to show cause and an evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d).

## FACTUAL BACKGROUND[2]

In 1976, appellant was one of a group of heroin addicts including Albert Young, Sylvia Ramon, Paul Sam, and Kim Curry who obtained their heroin by robbing and burglarizing the homes of elderly people and trading the stolen property for heroin at a secondhand store called Walter's Ltd.

Minnie Devereaux, an elderly woman who lived in a four-unit apartment complex, collected the rents from the other tenants for the owner of the property. On February 12, 1976, Devereaux's grandson discovered her body on the floor of her apartment. She died from six stab wounds to the upper back, but she had also been struck nine times in the head and face with a

[1] Undesignated statutory references are to the Penal Code.

[2] Due to the age of appellant's conviction in this case, the superior and appellate court files are no longer retrievable. The statement of facts is drawn from this court's decision filed on August 9, 1978, in the direct appeal from the conviction. (*People v. Young and Williams* (Aug. 9, 1978, 2. CRIM. NO. 31804) [nonpub. opn.]; *People v. Cruz* (2017) 15 Cal.App.5th 1105, 1110 [appellate opinion is part of the record of conviction].)

heavy blunt instrument. A piece of cloth had been tied around her head covering her eyes, nose and mouth, another piece of cloth had been stuffed into her mouth, and she had ligature marks on her left wrist. Her residence had been ransacked and various items of personal property, including a fur coat, a sewing machine, and a stereo, had been taken.

Kim Curry testified that the day before the murder, one of the tenants in Devereaux's complex told appellant and Albert Young it was possible to get money from his landlord. Around 10:00 a.m. on February 12, appellant, Young, Curry, and Paul Sam drove to Devereaux's apartment. Curry and Sam waited in the car while appellant and Young went to the back of Devereaux's residence. Appellant returned a few minutes later and motioned for Curry and Sam to join him in the back.

When Curry entered Devereaux's apartment, she saw appellant strike Devereaux with a metal object five or six times on the head. Young then tied Devereaux's hands together, gagged her, and stabbed her repeatedly. The four then left the apartment with several items of Devereaux's personal property. They drove to Walter's Ltd. where they exchanged a coat, a sewing machine, and a stereo for heroin.

## DISCUSSION

**Appellant Alleged Facts Sufficient to State a Prima Facie Case for Relief Under Section 1170.95, Subdivision (c); Accordingly, the Trial Court Erred in Failing to Issue an Order to Show Cause and Conduct an Evidentiary Hearing Pursuant to Section 1170.95, Subdivisions (c) and (d)**

### A. *Relevant proceedings*

Appellant was convicted by a jury in 1978 of the robbery, burglary, and first degree murder of Devereaux, and sentenced to life in prison.[3]  On March 28, 2019, appellant filed a petition for resentencing pursuant to section 1170.95.  The trial court appointed counsel.  Following briefing from the parties, the court summarily denied the petition.  The court concluded that appellant is ineligible for relief under section 1170.95 as a matter of law on the ground that he "was convicted of felony murder but the record of conviction including the appellate court opinion affirming the petitioner's conviction, reflects that the petitioner was a major participant in the killing of the victim in this case who acted with reckless indifference to human life."

### B. *Applicable law*

The Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual

---

[3] Appellant was also convicted of the robbery, burglary, and attempted murder of Leroy Brown.  Following an appeal from the judgment of conviction, this court reversed the attempted murder conviction and affirmed the judgment in all other respects. (*People v. Young and Williams*, *supra*, 2. CRIM. NO. 31804.)

4

killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).) To accomplish this objective, Senate Bill No. 1437 amended the natural and probable consequences doctrine by adding section 188, subdivision (a)(3), defining malice, to require that all principals to murder must act with express or implied malice to be convicted of that crime, with the exception of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2; *Gentile*, at pp. 842–843.)

The Legislature also "amended section 189 to limit the scope of liability for murder on a felony-murder theory." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 972 (*Drayton*).) As amended, section 189 now includes the requirement that a participant in a specified felony during which a death occurs may be convicted of murder for that death only if it is proved that the defendant was the actual killer, an aider and abettor to the murder who acted with the intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3; § 189, subd. (e)(1)–(3); *Gentile*, *supra*, 10 Cal.5th at p. 842.)

In addition to these amendments, Senate Bill No. 1437 added section 1170.95 to provide a procedure by which those convicted of felony murder or murder under a natural and probable consequences theory may seek retroactive relief if they could no longer be convicted of murder because of the changes to sections 188 or 189. (*Gentile*, *supra*, 10 Cal.5th at p. 843; *Martinez*, *supra*, 31 Cal.App.5th at pp. 722–723.)

Subdivision (a) of section 1170.95 sets forth the three conditions for eligibility for relief: (1) the charging document "allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "petitioner was convicted of first or second degree murder"; and (3) "petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); *Drayton*, *supra*, 47 Cal.App.5th at p. 973.) Subdivision (b) in turn "describes where and how the petition must be filed and specifies its required content," including a declaration by the petitioner that he or she "is eligible for relief according to the criteria set out in subdivision (a)." (*Drayton*, at p. 973.)

If a petition for resentencing under section 1170.95 meets the requirements of subdivisions (a) and (b), the superior court undertakes a two-step prima facie analysis set forth in subdivision (c) before an order to show cause may issue.[4] (*People v. Nunez* (2020) 57 Cal.App.5th 78, review granted Jan. 13, 2021, S265918; *Drayton*, *supra*, 47 Cal.App.5th at pp. 974–975; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327–328, review granted

---

[4] Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

6

Mar. 18, 2020, S260493 (*Verdugo*); *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, 1140, review granted Mar. 18, 2020, S260598 (*Lewis*).)  In the first step of this analysis, the superior court may examine readily ascertainable information in the record of conviction in conducting a sua sponte screening of the petition to verify the petitioner's eligibility for relief under the statute.  (*Lewis*, at p. 1140, rev.gr.; *Verdugo*, at p. 329, rev.gr.; *People v. Offley* (2020) 48 Cal.App.5th 588, 597; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674–675, review granted July 8, 2020, S262481; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 900, review granted Aug. 12, 2020, S263219 (*Tarkington*).)

If the record of conviction does not indicate ineligibility as a matter of law, the court must proceed to step two of the prima facie analysis.  There, section 1170.95, subdivision (c) requires the court to appoint counsel if requested and accept briefing from the parties on the issue of whether the petitioner is " 'entitled to relief.' " (*Drayton, supra,* 47 Cal.App.5th at p. 976; *Verdugo, supra,* 44 Cal.App.5th at pp. 332–333, rev.gr.)  At this stage, with the benefit of the parties' briefing, the trial court may conduct a more thorough review of the record, including the jury instructions, verdict form(s), and any special findings or enhancement allegations the jury found true to determine if the petition makes a prima facie showing of entitlement to relief. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815 (*Duchine*); *People v. Gomez* (2020) 52 Cal.App.5th 1, 16, review granted Oct. 14, 2020, S264033; see also *Verdugo*, at pp. 335–336.)  But in this second prima facie review, as in the first, the court does not engage in factfinding:  Rather, the court "assume[s] all facts stated in the section 1170.95 petition are true" (*Drayton*, at

7

p. 980), and draws "all factual inferences in favor of the petitioner" (*Verdugo*, at p. 329, rev.gr.; *Drayton*, at pp. 968, 982).

At this stage, although the trial court does not weigh the credibility of the petition's assertions, it also need not blindly accept factual assertions that are demonstrably false or untrue as a matter of law (for example, where the record shows the petitioner was not convicted of first or second degree murder or the murder conviction was predicated on a theory of actual malice). (*Drayton, supra,* 47 Cal.App.5th at p. 980; *People v. Turner* (2020) 45 Cal.App.5th 428, 438 [§ 1170.95 excludes manslaughter convictions]; *Lewis, supra,* 43 Cal.App.5th at pp. 1138–1139, rev.gr.; see also *In re Serrano* (1995) 10 Cal.4th 447, 456 [in conducting prima facie review of habeas petition, court is justified in making credibility determination adverse to petitioner where the record contains facts refuting allegations made in petition]; *People v. Karis* (1988) 46 Cal.3d 612, 656 [conclusory allegations in habeas corpus petition "made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing"].) The trial court's authority to make determinations without issuing an order to show cause and conducting an evidentiary hearing in accordance with section 1170.95, subdivision (d) is thus circumscribed by "readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton, supra,* 47 Cal.App.5th at p. 980; *Duchine, supra,* 60 Cal.App.5th at p. 813.)

If, after the parties' briefing, the petitioner has made a prima facie showing that he is entitled to relief because there

remains no proof of ineligibility as a matter of law, "the court *shall* issue an order to show cause" why relief should not be granted. (§ 1170.95, subd. (c), italics added; *Drayton*, *supra*, 47 Cal.App.5th at p. 980; see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851 ["A prima facie showing is one that is sufficient to support the position of the party in question"]; *In re Edward H.* (1996) 43 Cal.App.4th 584, 593 ["A 'prima facie' showing refers to those facts which will sustain a favorable decision if the evidence submitted in support of the allegations by the petitioner is credited"].)

Upon issuance of the order to show cause under section 1170.95, subdivision (c), the trial court "must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, [subdivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).) Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)" (*Drayton*, *supra*, 47 Cal.App.5th at p. 981.)

In sum, "the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues. Thus, absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question his evidence. The court may, as the Sixth District said in *Drayton*, consider the record of conviction at the prima facie stage, but may not evaluate the

9

evidence, make credibility findings adverse to the petitioner, engage in factfinding or exercise discretion.  (*Drayton, supra*, 47 Cal.App.5th at pp. 981–982.)  The record should be consulted at the prima facie stage only to determine 'readily ascertainable facts,' such as the crime of conviction and findings on enhancements.  (*Id.* at p. 980.)  Once the petitioner has made a prima facie showing, true factfinding should be reserved and exercised only after an order to show cause is issued and the parties are permitted to supplement the record with new evidence, including, if requested, through an evidentiary hearing. (*Id.* at pp. 980–981.)"  (*Duchine, supra*, 60 Cal.App.5th at p. 815.)

**C. *Appellant alleged facts sufficient to state a prima facie case entitling him to relief, and the trial court erred by engaging in judicial factfinding before issuing an order to show cause and conducting an evidentiary hearing.***

Here, appellant's petition for resentencing satisfied the requirements of section 1170.95, subdivisions (a) and (b), and stated a prima facie case for relief.  The record does not establish ineligibility as a matter of law, and the trial court should have issued an order to show cause and held a hearing in accordance with section 1170.95, subdivision (d) to weigh the evidence. Instead, the trial court engaged in judicial factfinding based on this court's opinion in the direct appeal to conclude that appellant was a major participant in the burglary who acted with reckless indifference to human life, and deny the petition.

But there is nothing in the prior appellate decision in this case that indicates appellant was *necessarily* convicted of felony murder based on a theory that he was an aider and abettor with actual malice or was a major participant in the burglary who acted with reckless indifference to human life.  Before Senate Bill

10

No. 1437's amendments, section 189 permitted a conviction for felony murder by imputing malice to a person who committed a felony inherently dangerous to human life which resulted in a homicide. (*People v. Chun* (2009) 45 Cal.4th 1172, 1184 [" 'The felony-murder rule imputes the requisite malice for a murder conviction to those who commit a homicide during the perpetration of a felony inherently dangerous to human life' "].) Accordingly, no finding that appellant was the actual killer, an aider and abettor with actual malice, or a major participant with reckless indifference to human life was required. And nothing in the appellate opinion addresses these elements.

The sole basis for the trial court's conclusion that appellant is ineligible for relief as a matter of law was its own evaluation of the facts stated in the appellate opinion. But as the *Duchine* and *Drayton* courts observed, "[t]he major participant and reckless indifference findings the trial court made based solely on the record evidence entail the weighing of evidence, drawing of inferences, and assessment of credibility that should be left to the factfinding hearing process contemplated by section 1170.95, subdivision (d)." (*Duchine, supra*, 60 Cal.App.5th at p. 816; *Drayton*, *supra*, 47 Cal.App.5th at p. 982.)

In sum, the Legislature contemplated that the trial judge would engage in factfinding, but only after an order to show cause is issued and an evidentiary hearing held. The trial court's error requires reversal and remand to afford appellant a hearing in accordance with section 1170.95, subdivision (d) at which the prosecutor will bear the burden of proving beyond a reasonable doubt, based on the record of conviction and any additional

11

evidence the parties submit, that appellant is guilty of murder under a theory still valid under California law.[5]

## DISPOSITION

The postjudgment order is reversed. The matter is remanded to the superior court for the issuance of an order to show cause and further proceedings in accordance with Penal Code section 1170.95, subdivision (d).

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

---

[5] Of course, in remanding this matter to the superior court for proceedings in accordance with section 1170.95, subdivision (d), "[w]e express no opinion about [appellant's] ultimate entitlement to relief following the hearing." (*Drayton*, *supra*, 47 Cal.App.5th at p. 983.)