Filed 10/3/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN ALEXANDER CRUZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B276571<br>(Super. Ct. No. BA203503)<br>(Los Angeles County) |

      Juan Alexander Cruz, a three strikes offender, was sentenced to 26.5 years to life in state prison. He appeals a postjudgment order denying his petition to recall his sentence pursuant the Three Strikes Reform Act of 2012 (the Act), also known as Proposition 36. (Pen. Code, § 1170.126, subd. (e)(2); *People v. Estrada* (2017) 3 Cal.5th 661, 665.)[1] The trial court found that appellant was ineligible for resentencing because he was armed with a knife during the commission of the felony offense. (§§ 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2).) As we shall explain, there is a crucial difference between being

---

[1] All statutory references are to the Penal Code unless otherwise stated.

"armed" with a knife and "use" of a knife. Thus, a prior jury determination that appellant did not use a knife is not determinative. We are quick to observe that appellant did not receive a favorable factual ruling at his jury trial that he was not armed with a knife during the commission of the underlying felony conviction of false imprisonment by violence. We affirm.

*Initial Trial, Conviction, Sentence, and Appeal*

In 2001, appellant was convicted by jury of false imprisonment by violence after he forced his way into a single mother's (L.S.) home, clutched her two-year-old son, and threatened to rape him. L.S. begged appellant to let the boy go free. Appellant grabbed a kitchen knife, punched L.S. in the head, and tried to stab her in the stomach. He had ready access to other knives as well. Appellant ordered L.S. to her knees, struck her several times with his fists, and forced her to disrobe and lie down. Appellant then ran the kitchen knife between the victim's legs and asked how she would feel if he put the knife into her. L.S. escaped when appellant was taking off his backpack.

The jury convicted appellant of false imprisonment by violence (§ 236) and misdemeanor assault. It acquitted on the remaining counts for residential burglary (§ 459), assault with a deadly weapon (ADW, § 245, subd. (a)(1)), and assault with intent to commit a rape (§ 220). On the false imprisonment conviction by violence, the jury returned a not true finding that appellant personally used a knife. (§ 12022, subd. (b)(1).) Appellant admitted two prior strike convictions for robbery (§ 667, subds. (b) - (i)), and a prior prison term enhancement (§ 667.5, subd. (b)). As indicated, he was sentenced 26.5 years to life. We affirmed the conviction in an unpublished opinion. (*People v. Cruz* (Oct. 16, 2001, B148978) [nonpub. opn.].)

2

*Petition to Recall Sentence*

Appellant filed a petition to recall his sentence. Denying the petition, the trial court stated that it "has no trouble in finding, beyond a reasonable doubt, . . . that [appellant] was armed with a deadly weapon, to wit, a knife, during the commission of the commitment offense, thereby rendering himself ineligible for relief under the Reform Act. (§ 1170.126, subd. (e)(2).) Not only was the knife readily accessible for offensive or defense use, it is clear [appellant] used it as a weapon to ensure [the victim's] submission during the false imprisonment. [Citation.]"

*Armed With a Weapon*

Section 1170.126 provides that an inmate serving a Three Strikes sentence may be eligible for resentencing where the current felony conviction is not a serious or violent felony. (*People v. Johnson* (2015) 61 Cal.4th 674, 682.) If the statutory eligibility criteria are satisfied and no exclusion applies, the trial court then determines whether imposition of a two-strike determinate term would pose an unreasonable risk of danger to public safety, and resentences the inmate accordingly. (§ 1170.126, subd. (f); *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1293.)

An inmate is statutorily ineligible for resentencing if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 1170.12, subd. (c)(2)(C)(iii).) "'[A]rmed with a firearm' [or weapon] has been statutorily defined and judicially construed to mean having a firearm [or weapon] available for use, either offensively or defensively. [Citations.]" (*People v. Osuna* (2014)

225 Cal.App.4th 1020, 1029 (*Osuna*).)  It is the availability of and ready access to the weapon that constitutes arming.  (*People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*); *People v. White* (2014) 223 Cal.App.4th 512, 524.)  In ruling on a petition for resentencing, the trial court may consider the entire record of conviction including the transcript of the trial testimony and the appellate opinion affirming the judgment of conviction.  (*People v. Woodell* (1998) 17 Cal.4th 448, 456; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063 (*Blakely*).)  "[A] trial court may deny resentencing under the Act on the basis of facts underlying previously dismissed counts."  (*People v. Estrada*, *supra*, 3 Cal.5th at p. 665.)

Relying on *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*), appellant argues that the court is limited to the facts established by the conviction and may not relitigate the circumstances of the crime.  *Guerrero* is inapposite and deals with evidence bearing on an increase in punishment, such as whether a prior conviction is a serious felony.  (*Id.* at pp. 355-356.)  In a Proposition 36 resentencing proceeding, the trial court does not consider an increase in punishment, but only whether the convicted defendant is entitled to a reduction in punishment.

In ruling on a section 1170.126 petition for resentencing, "a trial court determining eligibility for resentencing . . . is not limited to a consideration of the elements of the current offense and the evidence that was presented at the trial (or plea proceedings) at which the defendant was convicted.  Rather, the court may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors.  [Citation.]"  (*Blakely*, *supra*, 225 Cal.App.4th at p. 1063; accord, e.g., *People v. Burnes*

(2015) 242 Cal.App.4th 1452, 1458; *People v. Hicks* (2014) 231 Cal.App.4th 275, 286 (*Hicks*); *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327.)  *Guerrero* does not preclude a Proposition 36 court from considering facts not encompassed within the judgment of conviction.  (*People v. Estrada*, *supra*, 3 Cal.5th at p. 672.)

Appellant's reliance on *People v. Wilson* (2013) 219 Cal.App.4th 500 (*Wilson*) is misplaced.  There, the court held that, under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), trial courts may not impose a sentence enhancement based on their own independent resolution of a disputed factual issue regarding defendant's prior conviction.  (*Wilson*, at pp. 515-516.)  *Apprendi* has no bearing on sentence reduction, and holds, under the Sixth Amendment, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi*, at p. 490.)  "*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under the Act." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1039; *People v. Manning* (2014) 226 Cal.App.4th 1133, 1141, fn.3 [*People v. Wilson* inapplicable to eligibility determination under section 1170.126].)

*Prior Acquittal on Assault with a Deadly Weapon*

Appellant argues that the jury acquitted on the ADW count.  But that is not dispositive of whether he was armed during the commission of the false imprisonment.  Arming "requires a temporal nexus between the arming and the underlying felony, not a facilitative one.  The two are not the same.  [Citation.]" (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) "A defendant is *armed* if the defendant has the specified available weapon for use, either offensively or defensively.  [Citations.]"

5

(*Bland, supra,* 10 Cal.4th at p. 997; *Blakely, supra,* 225 Cal.App.4th at p. 1051; *Osuna,* at p. 1029.)  "'[I]t is the availability - the ready access - of the weapon that constitutes arming.'  [Citation.]"  (*Bland,* at p. 997.)

Appellant had a kitchen knife and struggled with the victim while holding it.  He was "armed" with a knife.  The record shows that appellant had ready access to more than one knife for offensive or defensive purposes during the commission of the false imprisonment.  (*Hicks, supra,* 231 Cal.App.4th at p. 286 [substantial evidence standard applies]; *Osuna, supra,* 225 Cal.App.4th at p. 1040 [same].)  We, accordingly, reject the argument that the not guilty verdict on the ADW count constitutes a finding that appellant was not armed during the commission of the false imprisonment by violence.

*Knife Use Enhancement*

Appellant argues that the jury's not true finding on the knife use enhancement (§ 12022, subd. (b)(1)) establishes eligibility for resentencing.  This enhancement applies only if the knife had a facilitative nexus in the commission of the offense.  (*Bland, supra,* 10 Cal.4th at pp. 1001-1003; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 794-795.)  Proposition 36 turns on whether the defendant was armed "*during the commission* of the current offense" (§ 1170.12, subd. (c)(2)(C)(iii)), which is different than a sentence enhancement for use of a weapon "*in the commission*" of the offense.  (§ 12022, subd. (b)(1).)  "'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.'  [Citation.]  In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one."  (*Osuna, supra,* 225 Cal.App.4th at p. 1032; see *People v. Elder* (2014) 227

Cal.App.4th 1308, 1312-1313 [noting "illogic" of conflating section 12202 enhancement provision with Proposition 36's ineligibility provision].)

"'[I]n the commission' of the felony offense, . . . implicitly requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense." (*Bland*, *supra*, 10 Cal.4th at p. 1002.) As explained in *Osuna*, *supra,* 225 Cal.App.4th at page 1032, the difference in language is significant. "Since the Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a [knife] during the [false imprisonment]." (*Osuna*, at p. 1032.) Because Proposition 36 looks to whether appellant was armed "during" the false imprisonment rather than "in the commission of it," the not true finding on the weapon use enhancement does not render appellant eligible for resentencing.

The Proposition 36 trial court did mention that appellant "used" the knife during the false imprisonment. This may be factually true but the observation is at variance with the prior jury determination. The trial court's choice of the word, "used," was superfluous. Its choice of the word "armed" is determinative. (See *ante*, p. 3.)

*Disposition*

The judgment (order denying Proposition 36 resentencing relief) is affirmed.

CERTIFID FOR PUBLICATION.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

8

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Larry Pizarro, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.