Filed 7/2/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308524 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA041958) |
| v. | |
| DARRYL CLAYTON, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Judith Levey Meyer, Judge. Reversed and remanded with directions.

Richard B. Lennon, Cheryl Lutz and Olivia Meme under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Darryl Clayton, Jr., appeals the summary denial of his petition to vacate his 2000 murder conviction and resentence him pursuant to Penal Code section 1170.95.[1]  The parties agree that the court's denial of the petition was in error.  The appeal presents the following issue:  Does a jury's not true finding on a felony-murder special-circumstance allegation constitute "a prior finding by a . . . jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the [underlying] felony," thus triggering the superior court's duty to vacate the murder conviction and resentence the petitioner under section 1170.95, subdivision (d)(2)?  We hold that the jury's unanimous rejection of the special-circumstance allegation establishes the petitioner's entitlement to relief under section 1170.95 as a matter of law.  Therefore, in accordance with the mandate of section 1170.95, subdivision (d)(2), we reverse the order denying the petition and remand to the superior court with directions to grant the petition, vacate appellant's murder conviction, and resentence him on the remaining counts.

## FACTS[2] AND PROCEDURAL BACKGROUND

On May 3, 1999, Jenny Kim and Gary Kim were working at a jewelry and music store in Long Beach.  Around noon, appellant and three other men entered the store.  As two of the men held Gary Kim at gunpoint, appellant grabbed Jenny Kim by her

---

[1] Undesignated statutory references are to the Penal Code.

[2] The statement of facts is drawn from our nonpublished opinion in appellant's direct appeal from his conviction, *People v. Darryl Clayton, Jr.* (May 29, 2001, B143748) (*Clayton*), as well as the record of appellant's conviction, of which we have taken judicial notice.  (*People v. Cruz* (2017) 15 Cal.App.5th 1105, 1110 [appellate opinion is part of the record of conviction].)

clothing and pulled her over the counter. Appellant dragged her to the back of the store and ordered her to get down on the floor. Appellant was not armed. As he rifled through her pockets he repeatedly asked her what she had, and he threatened to hurt her if she moved.

Unable to open the cash register himself, appellant directed Jenny Kim to open it. After she did so, he ordered her to return to the back of the store and lie face down on the floor. Jenny Kim could not see what was happening elsewhere in the store, but she heard Gary Kim being beaten and kicked, and then she heard a single gunshot. Gary Kim died instantly from a gunshot wound to the back of the head.

Three of the perpetrators were arrested soon after the murder, and some of the jewelry taken during the robbery was recovered. Several months later, appellant was arrested. In an interview with police, appellant initially denied any knowledge of the crimes. But eventually he admitted he had spent the night before the offenses with one of the perpetrators and confessed he was in the store during the robberies and murder. However, appellant denied involvement in any plan to commit a robbery and insisted he did not know a robbery was about to take place when he entered the store. Appellant also asserted he pushed Jenny Kim over the counter for her protection when it appeared that one of the perpetrators was going to shoot her. After Jenny Kim had opened the cash register and appellant had walked her back to the rear of the store, appellant saw one of the men taking money from the cash register. Appellant decided to leave, and as he reached the door he heard the gunshot. Appellant maintained he had no part in the killing.

On July 10, 2000, a jury convicted appellant of one count of first degree murder (count 1) and two counts of robbery, as charged.  As to all three counts, the jury found the allegation that a principal was armed with a firearm to be true.  However, the jury found the special-circumstance allegation that the murder was committed while appellant was engaged in the crime of robbery to be not true.

The trial court sentenced appellant to 25 years to life plus one year for the firearm enhancement on count 1, plus seven years four months for the remaining counts and the enhancement.  This court affirmed the judgment on appeal. (*Clayton*, *supra*, B143748.)

On April 23, 2019, appellant filed a petition for resentencing pursuant to section 1170.95.  The superior court appointed counsel and ordered briefing from the parties. Following briefing and argument, the superior court conducted its own evaluation of the evidence and summarily denied the petition, without issuing an order to show cause.  Declaring that the jury's not true finding on the special-circumstance allegation was irrelevant to its determination of whether there was sufficient evidence to support a conviction of first degree murder under a felony-murder theory, the court found appellant had been a major participant who acted with reckless indifference to human life.

4

# DISCUSSION

## I. Appellant Stated a Prima Facie Case for Relief Under Section 1170.95; the Superior Court's Summary Denial of the Petition Based on Its Own Findings of Fact Violated the Statutory Procedures Mandated Under Section 1170.95, Subdivisions (c) and (d)

The Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).) To accomplish this objective, Senate Bill No. 1437 amended the natural and probable consequences doctrine by adding section 188, subdivision (a)(3), defining malice, to require that all principals to murder must act with express or implied malice to be convicted of that crime, with the exception of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2; *Gentile*, at pp. 842–843.)

The Legislature also "amended section 189 to limit the scope of liability for murder on a felony-murder theory." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 972 (*Drayton*).) As amended, section 189 now includes the requirement that a participant in a specified felony during which a death occurs may be convicted of murder for that death only if it is proved that the defendant was the actual killer, an aider and abettor to the

5

murder who acted with the intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life.  (Stats. 2018, ch. 1015, § 3; § 189, subd. (e)(1)–(3); *Gentile*, *supra*, 10 Cal.5th at p. 842.)  In addition to these amendments, Senate Bill No. 1437 added section 1170.95 to provide a procedure by which those convicted of felony murder or murder under a natural and probable consequences theory may seek retroactive relief if they could no longer be convicted of murder because of the changes to sections 188 or 189.  (*Gentile*, *supra*, 10 Cal.5th at p. 843; *Martinez*, *supra*, 31 Cal.App.5th at pp. 722–723.)

Subdivision (a) of section 1170.95 sets forth the three conditions for eligibility for relief.[3]  Subdivision (b) in turn "describes where and how the petition must be filed and specifies its required content," including a declaration by the petitioner that he or she "is eligible for relief according to the criteria set out in subdivision (a)."  (*Drayton*, *supra*, 47 Cal.App.5th at p. 973.)  If a petition for resentencing under section 1170.95 meets the requirements of subdivisions (a) and (b), the superior court conducts the analysis prescribed in subdivision (c) before

---

[3] Those conditions are:  (1) the charging document "allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "petitioner was convicted of first or second degree murder"; and (3) "petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a); *Drayton*, *supra*, 47 Cal.App.5th at p. 973.)

issuing an order to show cause.[4]  (*People v. Nunez* (2020) 57
Cal.App.5th 78, review granted Jan. 13, 2021, S265918; *Drayton*,
*supra*, 47 Cal.App.5th at pp. 974–975; *People v. Verdugo* (2020)
44 Cal.App.5th 320, 327–328, review granted Mar. 18, 2020,
S260493 (*Verdugo*); *People v. Lewis* (2020) 43 Cal.App.5th 1128,
1136, 1140, review granted Mar. 18, 2020, S260598.)  At this
initial stage, the superior court may examine readily
ascertainable information in the record of conviction as it
conducts a preliminary screening of the petition to verify the
petitioner's eligibility for relief under the statute.  (*Lewis*, at
p. 1140, rev.gr.; *Verdugo*, at p. 329, rev.gr.; *People v. Offley* (2020)
48 Cal.App.5th 588, 597; *People v. Edwards* (2020) 48
Cal.App.5th 666, 674–675, review granted July 8, 2020, S262481;
*People v. Tarkington* (2020) 49 Cal.App.5th 892, 900, review
granted Aug. 12, 2020, S263219.)

　　If the record of conviction does not indicate ineligibility as a
matter of law, the superior court must appoint counsel (if
requested) and accept briefing from the parties on the issue of
whether the petitioner is " 'entitled to relief.' "  (*Drayton*, *supra*,
47 Cal.App.5th at p. 976; *Verdugo*, *supra*, 44 Cal.App.5th at

---

[4] Section 1170.95, subdivision (c) provides:  "The court shall
review the petition and determine if the petitioner has made a
prima facie showing that the petitioner falls within the provisions
of this section.  If the petitioner has requested counsel, the court
shall appoint counsel to represent the petitioner.  The prosecutor
shall file and serve a response within 60 days of service of the
petition and the petitioner may file and serve a reply within 30
days after the prosecutor response is served.  These deadlines
shall be extended for good cause.  If the petitioner makes a prima
facie showing that he or she is entitled to relief, the court shall
issue an order to show cause."

7

pp. 332–333, rev.gr.)  At this stage, with the benefit of the parties' briefing, the superior court may conduct a more thorough review of the record, including the jury instructions, verdict form(s), and any special findings or enhancement allegations the jury found true to determine if the petition makes a prima facie showing of entitlement to relief.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815 (*Duchine*); *People v. Gomez* (2020) 52 Cal.App.5th 1, 16, review granted Oct. 14, 2020, S264033; see *Verdugo*, at pp. 335–336.)

In conducting its prima facie review under section 1170.95, subdivision (c), however, the superior court does not engage in factfinding.  Rather, the court must "assume all facts stated in the section 1170.95 petition are true" (*Drayton*, *supra*, 47 Cal.App.5th at p. 980) and draw "all factual inferences in favor of the petitioner" (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329, rev.gr.; *Drayton*, at pp. 968, 982).  The superior court's authority to make determinations without issuing an order to show cause and proceeding in accordance with section 1170.95, subdivision (d) is thus circumscribed by "readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton*, at p. 980; *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 813.)

If, after the parties' briefing, the petitioner has made a prima facie showing that he is entitled to relief because there remains no proof of ineligibility as a matter of law, "the court *shall* issue an order to show cause" why relief should not be granted.  (§ 1170.95, subd. (c), italics added; *Drayton*, *supra*, 47

8

Cal.App.5th at p. 980; see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851 ["A prima facie showing is one that is sufficient to support the position of the party in question"]; *In re Edward H.* (1996) 43 Cal.App.4th 584, 593 ["A 'prima facie' showing refers to those facts which will sustain a favorable decision if the evidence submitted in support of the allegations by the petitioner is credited"].)

Upon issuance of the order to show cause under section 1170.95, subdivision (c), the superior court must hold an evidentiary hearing to determine whether to vacate the murder conviction and to recall the sentence, unless the parties waive the hearing, or, "[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (§ 1170.95, subd. (d)(2); *id.*, subd. (d)(1) & (3); *People v. Ramirez* (2019) 41 Cal.App.5th 923, 929 (*Ramirez*).) Notably, "[i]f a hearing is held, the prosecution has the burden to prove, beyond a reasonable doubt, that petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) If the prosecution fails to sustain its burden of proof the trial court is required to vacate the prior conviction and resentence the petitioner on the remaining charges. (§ 1170.95, subd. (d)(3).)" (*Ramirez*, at p. 929; *Drayton*, *supra*, 47 Cal.App.5th at p. 981.)

Here, appellant's petition for resentencing satisfied the requirements of section 1170.95, subdivisions (a) and (b), and stated a prima facie case for relief. The record does not establish ineligibility as a matter of law, and the superior court should have issued an order to show cause and followed the procedures mandated by section 1170.95, subdivision (d). Instead, the court

9

engaged in judicial factfinding based on its analysis of the evidence under *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) to conclude that appellant was a major participant in the robbery who acted with reckless indifference to human life.  Based on that finding, the court summarily denied the petition.

But the jury had already unanimously found the evidence insufficient to prove beyond a reasonable doubt that appellant was an aider and abettor with actual malice or was a major participant in the robbery who acted with reckless indifference to human life.  Given this finding, there was nothing in the record of conviction to support the superior court's determination at the prima facie stage that appellant was ineligible for relief under section 1170.95 as a matter of law.  The trial court was not entitled to substitute its own findings of fact for the jury's to support its determination that appellant should still be liable for felony murder despite the amendments to section 189.  As the *Duchine* and *Drayton* courts observed, "The major participant and reckless indifference findings the trial court made based solely on the record evidence entail the weighing of evidence, drawing of inferences, and assessment of credibility that should be left to the factfinding hearing process contemplated by section 1170.95, subdivision (d)." (*Duchine, supra*, 60 Cal.App.5th at p. 816; *Drayton, supra*, 47 Cal.App.5th at p. 982.)  Because the superior court's summary denial of the petition based on its own independent factfinding violated the procedural requirements of section 1170.95, we reverse and remand the matter for further proceedings in accordance with section 1170.95, subdivision (d).

## II. The Superior Court Is Required to Vacate the Murder Conviction and Resentence Appellant Based on the Jury's Unanimous Finding Beyond a Reasonable Doubt that the Special-circumstance Allegation Was Not True

The Attorney General agrees with appellant that the superior court erred in summarily denying the petition at the prima facie review stage, but argues that the correct remedy is to remand the matter for an evidentiary hearing in accordance with section 1170.95, subdivision (d)(1) and (3).  We conclude, however, that because the jury's acquittal on the special-circumstance allegation constitutes a prior finding by a jury that appellant "did not act with reckless indifference to human life or was not a major participant in the felony," subdivision (d)(2) requires the trial court on remand to vacate appellant's felony-murder conviction and proceed directly to resentencing.  (*Ramirez*, *supra*, 41 Cal.App.5th at p. 932.)

The prosecution's burden in an evidentiary hearing under section 1170.95, subdivision (d)(3) is to "prove, beyond a reasonable doubt, that the petitioner is *ineligible* for resentencing."  (Italics added.)  In other words, the People must prove a defendant who was not the actual killer was an aider and abettor with actual malice or a major participant in the underlying felony who acted with reckless indifference to human life, and he could therefore still be convicted of felony murder under section 189 as amended by Senate Bill No. 1437.  (*Drayton*, *supra*, 47 Cal.App.5th at p. 973.)  However, a jury's acquittal on the special-circumstance allegation means the jury found the evidence insufficient to prove beyond a reasonable doubt that the petitioner was an aider and abettor with the intent to kill or a

11

major participant in the robbery who acted with reckless indifference to human life. In that case, the prosecution cannot sustain its burden of proving ineligibility under subdivision (d)(3) without invalidating the jury's finding.

Section 1170.95, subdivision (d)(2)[5] addresses this situation by requiring the trial court to accept a jury's prior finding that "the petitioner did not act with reckless indifference to human life or was not a major participant in the felony" and grant the resentencing petition. (See *Ramirez, supra,* 41 Cal.App.5th at pp. 932–933.) The court is not authorized to reverse the prior finding or substitute its own factual findings for the specific findings the jury already made.

In *Ramirez,* before the defendant sought relief under section 1170.95, we granted his petition for habeas corpus and struck the special-circumstance finding on the ground that it was not supported by substantial evidence under the California Supreme Court decisions in *Banks* and *Clark.* (*Ramirez, supra,* 41 Cal.App.5th at pp. 926–927.) After he was resentenced, Ramirez filed a petition to vacate his felony-murder conviction and for resentencing under section 1170.95. (*Id.* at p. 928.) The superior court summarily denied the petition. (*Ibid.*) On appeal from the denial, we interpreted the Legislature's use of the word "shall" in section 1170.95, subdivision (d)(2) as "imposing a mandatory duty on the court to vacate [the petitioner's] sentence"

---

[5] Section 1170.95, subdivision (d)(2) provides in relevant part: "If there was a prior finding by a court *or jury* that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court *shall* vacate the petitioner's conviction and resentence the petitioner." (Italics added; see *Ramirez, supra,* 41 Cal.App.5th at pp. 932–933.)

and "proceed directly to resentencing" when a court or jury has already found the petitioner was not a major participant or did not act with reckless indifference to human life. (*Id*. at p. 932.) In light of our prior habeas determination that the evidence was insufficient to support the special-circumstance finding, we held "[i]t is beyond dispute that this court found that the defendant was not shown to have been a major participant in the underlying felony, or to have acted with reckless indifference to human life. [Citation.] Under these circumstances, the trial court was required by section 1170.95, subdivision (d)(2) to vacate the conviction and resentence defendant on the remaining counts." (*Id*. at p. 933.)

Although *Ramirez* involved a court finding on habeas that the evidence did not support the jury's special circumstance finding, our analysis of subdivision (d)(2)'s mandate applies with equal force where the *jury* found the evidence insufficient to prove the special-circumstance allegation. Here, appellant's jury was instructed that, if it found appellant was not the actual killer, it could not find the special-circumstance allegation true as to appellant *unless* it unanimously found, beyond a reasonable doubt, that appellant was an aider and abettor with intent to kill or a major participant in the underlying felony who acted with reckless indifference to human life.[6] Appellant's jury

---

[6] The full instruction read: "If you find [the] defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance: [is] true or not true: [PC. 190.2(a)(17)] [murder in] [the commission of] [a robbery]. [¶] The People have the burden of proving the truth of a special circumstance. If you have a reasonable doubt as to

13

unanimously found the prosecution had failed to prove the truth of the special circumstance beyond a reasonable doubt.

Like our determination on habeas that substantial evidence did not support Ramirez's special circumstance, the jury's rejection of the special-circumstance allegation in this case constitutes a prior finding by the jury that appellant did not act with reckless indifference to human life or was not a major

_____

whether a special circumstance is true, you must find it to be not true.  [¶]  [[Unless an intent to kill is an element of a special circumstance, if] you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.]  [¶]  [If you find that a defendant was not the actual killer of a human being, [or if you are unable to decide whether the defendant was the actual killer or [an aider and abettor] [or] [co-conspirator],] you cannot find the special circumstance to be true [as to that defendant] unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill [aided,] [abetted,] [counseled,] [commanded,] [induced,] [solicited,] [requested,] [or] [assisted] any actor in the commission of the murder in the first degree][.][, or with reckless indifference to human life and as a major participant, [aided,] [abetted,] [counseled,] [commanded,] [induced,] [solicited,] [requested,] [or] [assisted] in the commission of the crime of robbery which resulted in the death of a human being, namely Gary Kim.]  [¶]  [A defendant acts with reckless indifference to human life when that defendant knows or is aware that [his] acts involve a grave risk of death to an innocent human being.]  [¶]  In order to find a special circumstance alleged in this case to be true or untrue, you must agree unanimously.  [¶]  You will state your special finding as to whether this special circumstance is or is not true on the form that will be supplied." (CALJIC No. 8.80.1 (1997 rev.).)

participant in the felony within the meaning of section 1170.95, subdivision (d)(2).  Accordingly, the superior court was required to vacate appellant's first degree felony-murder conviction and resentence him on the remaining counts of conviction. (§ 1170.95, subd. (d)(1) & (2); see *People v. Howard* (2020) 50 Cal.App.5th 727, 741 [in granting relief and resentencing under § 1170.95, " '[i]t seems the intent of the Legislature is to place the petitioner after resentencing in a situation where the murder and any related enhancements no longer exist' "].)

Respondent's arguments that the matter should nevertheless be remanded to afford the prosecution a second opportunity to attempt to prove appellant was a major participant who acted with reckless indifference to human life—the very facts the jury already unanimously and beyond a reasonable doubt rejected—are without merit.

As we explained in *Ramirez*, "Each section of a statute must be construed in context, keeping in mind the statutory purpose, and harmonizing related sections to the extent possible. [Citation.]  The first sentence of subdivision (d)(2) expressly provides that the parties may waive a hearing and stipulate to eligibility for relief.  The next sentence mandates vacatur and resentencing due to a prior court finding.  The provision's placement in the same subparagraph suggests that both sentences are meant to streamline the process, one with a waiver, the other with a presumption.  If we directed the trial court to issue an order to show cause and hold a hearing to consider whether to vacate defendant's murder conviction, as respondent suggests, this would not change the subdivision's mandate.  It would serve no purpose other than delay." (41 Cal.App.5th at p. 932.)

15

Respondent maintains that "the 'not true' finding by the jury as to the special circumstance does not prove, as a matter of law, that a court or jury affirmatively found appellant was not a major participant who acted with reckless indifference."  In so arguing, the Attorney General appears to suggest that only a finding of factual innocence would trigger mandatory resentencing under section 1170.95, subdivision (d)(2).  However, in light of existing statutory procedures for obtaining relief for a factually innocent defendant (§ 851.8; *People v. McCann* (2006) 141 Cal.App.4th 347, 352–353), acceptance of respondent's position would mean that subdivision (d)(2) would apply only in cases where it is not needed.  Such an interpretation would contradict the Legislature's intent to honor prior jury findings in the context of a section 1170.95 petition, and would treat as meaningless subdivision (d)(2)'s directive to grant the petition and proceed directly to resentencing when a jury's prior findings demonstrate the petitioner's eligibility for relief as a matter of law.  Of course, "in reviewing the text of a statute, we must follow the fundamental rule of statutory construction that requires every part of a statute be presumed to have some effect and not be treated as meaningless unless absolutely necessary.  'Significance should be given, if possible, to every word of an act. [Citation.]  Conversely, a construction that renders a word surplusage should be avoided.' " (*People v. Arias* (2008) 45 Cal.4th 169, 180.)

Given the clear mandate in subdivision (d)(2) that the superior court vacate the conviction and resentence the petitioner if there was a prior jury finding "that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony," and in accordance with our decision in

16

*Ramirez, supra*, 41 Cal.App.5th 923, we conclude that remand for the purpose of an evidentiary hearing in this case would serve no purpose other than delay. The jury's acquittal on the special circumstance in this case demonstrates that the jury unanimously found that the People had failed to prove beyond a reasonable doubt that appellant was an aider and abettor with intent to kill or a major participant in the underlying felony who acted with reckless indifference to human life. Under these circumstances, section 1170.95, subdivision (d)(2) mandates that appellant's felony-murder conviction be vacated and that he be resentenced on the remaining counts of conviction.

## DISPOSITION

The order denying Clayton's petition to vacate his murder conviction and for resentencing is reversed. The matter is remanded to the superior court with directions to grant the petition, vacate Clayton's murder conviction, and resentence him on the remaining counts.

CERTIFIED FOR PUBLICATION.


LUI, P. J.

I concur:



ASHMANN-GERST, J.

17

B308524

People v. Clayton

CHAVEZ, J., Dissenting.

I respectfully dissent.

While I agree with the majority and the parties that the trial court erred in denying appellant's petition at the prima facie stage, I disagree with the majority that the proper remedy is to grant the petition. Rather, I adopt the Attorney General's position that the matter should be remanded for the superior court to consider evidence presented by the prosecutor at a hearing at which new evidence may be permitted (Pen. Code, § 1170.95, subd. (d);[1] see *People v. Fortman* (2021) 64 Cal.App.5th 217).

Section 1170.95, subdivision (d)(2) states, in relevant part, that "[i]f there was *a prior finding* by a court or jury that the petitioner *did not* act with reckless indifference to human life or *was not* a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."

---

[1] All further statutory references are to the Penal Code.

(§ 1170.95, subd. (d)(2), italics added.)  In *People v. Ramirez* (2019) 41 Cal.App.5th 923, we observed that section 1170.95, subdivision (d)(2) is "meant to streamline the process" of obtaining relief in such cases, and requires courts "to proceed directly to resentencing." (*Ramirez*, at p. 932.)  In *Ramirez*, the section 1170.95 petitioner had previously obtained habeas corpus relief in which a felony-murder special circumstance was stricken for insufficient evidence of his major participant/reckless indifference status. (*Ramirez*, at p. 927.)  Thus, section 1170.95, subdivision (d)(2) applied and the petitioner was entitled to immediate relief without an evidentiary hearing. (*Ramirez*, at p. 933.)

Here, in contrast, the "not true" finding by the jury as to the special circumstance does not prove, as a matter of law, that a court or jury affirmatively found appellant was not a major participant who acted with reckless indifference.  "[A] jury verdict acquitting a defendant of a charged offense does not constitute a finding that the defendant is factually innocent of the offense or establish that any or all of the specific elements of the offense are not true." (*In re Coley* (2012) 55 Cal.4th 524, 554, citing *United States v. Watts* (1997) 519 U.S. 148, 155.)  The not true finding on the special circumstance was a general verdict indicating reasonable doubt existed as to the special circumstance overall,

2

not that the jury affirmatively found appellant "did not act" a certain way.  (See § 1170.95, subd. (d)(2).)

The jury here was instructed with the standard CALJIC instructions that both the felony-murder theory and the felony-murder special circumstance required it to find that appellant committed a robbery or aided and abetted a robbery, and that he or the perpetrator of the robbery caused the death of a person. The jury was further instructed that in order to find the special circumstance true, it had to make the additional finding that appellant had the intent to kill, was a major participant in the robbery and acted with reckless indifference to human life, or was the actual killer; conversely, for a felony-murder conviction without the special circumstance, it could find the killing was accidental or unintentional.  However since the jury found appellant guilty of felony murder but the special circumstance not true there was no requirement that the jurors had to agree *why* the elements of the special circumstance were not met.  Thus the not true finding in this case does not trigger section 1170.95, subdivision (d)(2) relief.

There are at least two ways the jury could have come to its verdicts without affirmatively rejecting the theory that appellant was a major participant who acted with reckless indifference. First, it could have rejected the robbery-murder special circumstance because it found that an element *other* than the

3

major participant/reckless indifference element was missing.  To prove the felony murder, the prosecutor only had to show that the murder occurred "during" the felony.  But to prove the felony-murder special circumstance, the prosecution had to prove:  "The murder was committed while the defendant was engaged in or was an accomplice in the commission or attempted commission of a robbery."  The special circumstance referred to in these instructions is not established if the robbery was merely incidental to the commission of the murder.

Second, the jury was instructed pursuant to CALJIC No. 8.83[2] which stated, "if the circumstantial evidence is susceptible of two reasonable interpretations, one of which points to the truth of a special circumstance and the other to its untruth, you must adopt the interpretation which points to its untruth, and reject the interpretation which points to its truth."  Finally, CALJIC No. 8.83.1[3] instructed the jury, "if the evidence as to any specific intent mental state is susceptible of two reasonable interpretations, one of which points to the existence of

[2]      "Special Circumstances—Sufficiency of Circumstantial Evidence—Generally."

[3]      "Special Circumstances—Sufficiency of Circumstantial Evidence to Prove Required Mental State."

the specific intent or mental state and the other to the absence of the specific intent or mental state, you must adopt that interpretation which points to the absence of the specific intent or mental state."

Given these instructions it is possible that the jury found appellant was a major participant in the robbery who acted with reckless indifference to human life and that the murder occurred "during" the robbery, but did not find the murder occurred in order to carry out or advance the robbery. The jury could have been unable to determine appellant's exact role in the murder and returned a not true finding without affirmatively determining whether he was a major participant who acted with reckless indifference to human life. In *People v. Santamaria* (1994) 8 Cal.4th 903 (*Santamaria*) the defendant was convicted of murder, but the jury found the knife use allegation not true. The defendant's conviction was overturned on appeal, and a new information charging the defendant with murder but omitting the knife use allegation was filed. Based on the prior verdicts, the defendant argued that the prosecution should be prohibited (under collateral estoppel) from arguing that the defendant used a knife in commission of the murder. (*Id.* at pp. 908-909; see *People v. Palmer* (2001) 24 Cal.4th 856, 865.)

Our Supreme Court explained, however, that in California, "as long as each juror is convinced beyond a reasonable doubt

5

that defendant is guilty of murder as that offense is defined by statute, it need not decide unanimously by which theory he is guilty. [Citations.] More specifically, the jury need not decide unanimously whether defendant was guilty as the aider and abettor or as the direct perpetrator." (*Santamaria*, *supra*, 8 Cal.4th at p. 918.) Given that background, the jury's not true finding on the knife allegation showed "only that there was a reasonable doubt in the minds of the jurors that defendant specifically used a knife. It does not show the reverse, that the jury specifically found defendant was an aider and abettor. . . . The jury may merely have believed, and most likely did believe, that defendant was guilty of murder as either a personal knife user or an aider and abettor but it may have been uncertain exactly which role defendant played." (*Id.* at p. 919, italics omitted.) "Sometimes, as probably occurred here, the jury simply cannot decide beyond a reasonable doubt exactly who did what. There may be a reasonable doubt that the defendant was the direct perpetrator, and a similar doubt that he was the aider and abettor, but no such doubt that he was one or the other." (*Ibid.*)

As in *Santamaria*, the not true finding on the special circumstance allegation does not mean the jury affirmatively found appellant was not the actual killer or that he was not a major participant with reckless indifference to human life—that verdict may have only reflected that the jury was unsure about

6

appellant's precise role. The jury was instructed that "[i]f you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor or co-conspirator, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime . . . ." The jurors were also instructed that the special circumstance finding had to be unanimous.

Reading those instructions together it is reasonable to conclude that the jurors either all had to agree appellant was the killer, or all agree he had an intent to kill or was a major participant who acted with reckless indifference to human life. (See *People v. Covarrubias* (2016) 1 Cal.5th 838, 927.) Thus, the jury could have understood the instructions as requiring a not true finding on the special circumstance if some jurors believed that the victim was killed unintentionally, while others believed appellant was a major participant who acted with reckless indifference to human life. The evidence could have supported

7

both of these possibilities. Convicting appellant of felony murder would be permissible given such a disagreement, but the jury may have issued a not true finding based on their inability to unanimously agree on a theory under the special circumstance instruction. A "not true" finding on the special circumstance in that scenario is simply not the same as the affirmative finding required by section 1170.95, subdivision (d)(2), that the petitioner was not a major participant who acted with reckless indifference to human life.

As in *Santamaria*, there may have been a reasonable doubt that appellant was the direct perpetrator, that he was an aider and abettor, or that he was a major participant with reckless indifference to human life, but no such doubt that he was one of the three. (*Santamaria*, *supra*, 8 Cal.4th at p. 919.) In that scenario the jury would have to return a not true finding on the special circumstance enhancement but would be permitted to find appellant guilty of felony murder. Under *Santamaria*, that outcome reflects that the jury may have simply been unable to determine appellant's role.

I recognize that the motivation for enactment of section 1170.95 was to free those in custody based on a conviction of felony murder IF they were not the actual killer, an aider or abettor with intent to kill or a major participant acting with reckless indifference to human life. However it was not enacted

to free those who were included in the three specific categories. Based on the evidence here, it appears appellant was not the actual shooter. Were it not for the jury finding on the special circumstance, using the procedure we described in *People v. Fortman*, the trial court would be called upon to hold an evidentiary hearing pursuant to section 1170.95, subdivision (d) and to then determine whether or not he was the actual killer, an aider or abettor of the killer with intent to kill or was a major participant in the underlying crime who acted in reckless disregard of human life. Given my position that the jury's not true finding on the special circumstances is not the equivalent of a "prior finding by a court or jury that the [appellant] did not act with reckless indifference to human life or was not a major participant in the felony," it is my position the case should be remanded for the superior court to issue an order to show cause and hold an evidentiary hearing under section 1170.95, subdivision (d).

CHAVEZ, J.

9