Filed 8/13/21  P. v. Soy CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B307805 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA074870) |
| v. | |
| KIRIVUTHY SOY, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Gary J. Ferrari, Judge.  Reversed and remanded with directions.

Judith Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Kirivuthy Soy appeals the summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  The parties agree that because the record of conviction does not demonstrate appellant is ineligible for relief as a matter of law, the trial court summarily denied the petition in error.  We agree and remand the matter to the trial court for further proceedings, including the issuance of an order to show cause and an evidentiary hearing in accordance with section 1170.95, subdivision (d).[2]

## FACTUAL[3] AND PROCEDURAL BACKGROUND

Appellant Kirivuthy Soy and his twin brother, Kirivudy (D. Soy), were jointly tried and convicted of the second degree murder of Dara Ork.  While appellant pointed a firearm at one of Ork's companions, D. Soy ran toward Ork and stabbed him.  Ork suffered eight stab wounds and died.  (*Soy*, *supra*, B253692.)

At trial the jury was instructed that appellant could be found guilty of murder either as a direct aider and abettor or

---

[1] Undesignated statutory references are to the Penal Code.

[2] On remand, appellant seeks reconsideration of his motion for resentencing under Senate Bill No. 620.  However, if the trial court grants appellant's section 1170.95 petition, the firearm enhancement would necessarily be stricken as part of resentencing, making appellant's request moot.  If the resentencing petition is denied after an evidentiary hearing, appellant would not be entitled to relief under Senate Bill No. 620 because his conviction is final.

[3] The statement of facts is drawn from this court's decision filed on September 14, 2015, in appellant's direct appeal from his conviction.  (*People v. Kirivudy Soy et al.* (Sept. 14, 2015, B253692) [nonpub. opn.] (*Soy*); *People v. Cruz* (2017) 15 Cal.App.5th 1105, 1110 [appellate opinion is part of the record of conviction].)

under the natural and probable consequences doctrine if he aided and abetted an assault with a deadly weapon. Finding appellant and his brother guilty of second degree murder, the jury found that D. Soy had personally used a deadly weapon, a knife (§ 12022, subd. (b)(1)), and appellant had personally and intentionally used a firearm (§ 12022.53, subd. (b)). The trial court sentenced appellant to a term of 15 years to life plus 10 years for the use of a firearm. (*Soy*, *supra*, B253692.)

We affirmed the judgments of conviction as to both defendants on direct appeal. Based on the evidence that D. Soy stabbed Ork to death while appellant pointed a firearm at Ork's companion, we concluded "there was sufficient evidence to support the finding that [appellant] aided and abetted D. Soy's crime." We further noted that "even if the intended crime was only an assault with a deadly weapon, the jury was also instructed on aiding and abetting within the theory of natural and probable consequences. (CALJIC No. 3.02.)" (*Soy*, *supra*, B253692.)

On December 13, 2019, appellant filed a section 1170.95 petition seeking to have his murder conviction vacated, as well as a request for resentencing under Senate Bill No. 620. Following briefing and argument by the parties, the trial court summarily denied the section 1170.95 petition for failure to state a prima facie case for relief. Noting that appellant's conviction was final, the court also denied the request for resentencing under Senate Bill No. 620 for lack of jurisdiction.

## DISCUSSION

### I. Appellant's Petition Stated a Prima Facie Case for Relief Under Section 1170.95, Thus Necessitating Remand to the Trial Court to Issue an Order to Show Cause and Conduct an Evidentiary Hearing

#### A. *Applicable Law*

The Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).) To accomplish this objective with respect to the natural and probable consequences doctrine, Senate Bill No. 1437 added section 188, subdivision (a)(3), defining malice, to require that all principals to murder must act with express or implied malice to be convicted of that crime, with the exception of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2; *Gentile*, at pp. 842–843.) By these amendments, Senate Bill No. 1437 thus altogether eliminated natural and probable consequences liability for murder. (*People v. Lewis* (July 26, 2021, S260598) ___Cal.5th___ (*Lewis*) [2021 Cal. LEXIS 5258 at p. *2].)

Senate Bill No. 1437 also added section 1170.95 to provide a procedure by which persons previously convicted of murder under a natural and probable consequences theory may seek retroactive relief if they could no longer be convicted of murder

4

because of the amendments to section 188. (*Lewis*, *supra*, ___ Cal.5th at p. ___ [2021 Cal. LEXIS 5258 at p. *2]; *Gentile*, *supra*, 10 Cal.5th at p. 843; *Martinez*, *supra*, 31 Cal.App.5th at pp. 722–723.)

Subdivision (a) of section 1170.95 sets forth the requirements for a facially sufficient petition. The petitioner must aver that (1) the charging document "allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "petitioner was convicted of first or second degree murder"; and (3) "petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); *People v. Drayton* (2020) 47 Cal.App.5th 965, 973 (*Drayton*).) Subdivision (b) in turn "describes where and how the petition must be filed and specifies its required content," including a declaration by the petitioner that he or she "is eligible for relief according to the criteria set out in subdivision (a)." (*Drayton*, at p. 973.) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*Lewis*, *supra*, ___ Cal.5th at p. ___ [2021 Cal. LEXIS 5258 at p. *7].)

If a petition for resentencing under section 1170.95 meets the requirements of subdivisions (a) and (b), the trial court "proceeds to subdivision (c)[4] to assess whether the petitioner has

---

[4] Section 1170.95, subdivision (c) provides in relevant part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner

made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).)" (*Lewis, supra*, ___ Cal.5th at p. ___ [2021 Cal. LEXIS 5258 at p. *7].) At this stage, the trial court must accept briefing from the parties before making its prima facie determination of eligibility. (*Lewis, supra*, ___ Cal.5th at p. ___ [2021 Cal. LEXIS 5258 at pp. *21, 28–29].)

With the benefit of the parties' briefing, the trial court may then consider the record of conviction, including the jury instructions, verdict form(s), and any special findings or enhancement allegations the jury found true to determine if the petition makes a prima facie showing of entitlement to relief. (*Lewis, supra*, ___ Cal.5th at p. ___ [2021 Cal. LEXIS 5258 at p. *29]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 (*Duchine*).) Although "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless . . . the prima facie inquiry under subdivision (c) is limited." (*Lewis, supra*, ___ Cal.5th at p. ___ [2021 Cal. LEXIS 5258 at p. *30.) Thus, in conducting its prima facie review, the trial court does not engage in factfinding, but " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis*, at p. ___ [2021 Cal. LEXIS 5258 at p. *31, quoting *Drayton, supra*, 47 Cal.App.5th at p. 978.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations

---

makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. ___ [2021 Cal. LEXIS 5258 at p. *31, quoting *Drayton*, at p. 979.)

If the trial court determines that petitioner has made a prima facie showing for relief, the court must issue an order to show cause, "and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (§ 1170.95, subd. (d)(3).) At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*Lewis*, *supra*, ___ Cal.5th at p. ___ [2021 Cal. LEXIS 5258 at pp. *7–8].)

**B.** ***The trial court erred in denying appellant's section 1170.95 petition without issuing an order to show cause and conducting an evidentiary hearing.***

Appellant's petition satisfied the criteria for a facially sufficient petition under section 1170.95, subdivisions (a) and (b), and the record of conviction did not demonstrate ineligibility for relief as a matter of law. Remand is required to enable the trial court to issue an order to show cause and conduct an evidentiary hearing under section 1170.95, subdivisions (c) and (d).

A defendant is ineligible for relief *as a matter of law* where the record conclusively shows that the jury actually relied—and

7

the defendant's murder conviction actually rests—upon on a theory of liability that is unaffected by section 1170.95 (that is, on the theory that defendant was the actual killer or directly aided and abetted the killing).

Here, the record of conviction does not establish, *as a matter of law*, that appellant is not eligible for relief. The record shows that appellant did not personally kill Ork, but there was substantial evidence to support both direct aiding and abetting and natural and probable consequences theories of guilt. The fact that substantial evidence supports appellant's conviction on a valid theory, however, does not mean that the record in this case conclusively shows that the jury *actually relied* upon that valid theory or that the jury did not rely on the invalid theory. (*Drayton, supra*, 47 Cal.App.5th at p. 968 [in assessing whether a petitioner has established a prima facie case, the trial court "should accept the assertions in the petition as true unless facts in the record *conclusively refute them as a matter of law*"], italics added.) To the contrary, the record in this case reveals that the jury was instructed on two theories—one valid under section 1170.95 (that is, direct aiding and abetting) and one invalid under section 1170.95 (that is, natural and probable consequences liability with the underlying crime being assault with a deadly weapon)—and the jury's general verdict finding of guilt does not conclusively establish *which* of these theories the jury actually relied upon in returning that verdict. (Cf. *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted Jul. 8, 2020, S262481 [defendant is ineligible for section 1170.95 relief as a matter of law if the jury is never instructed on an invalid theory].)

In sum, because appellant has made a prima facie showing that he is entitled to relief under section 1170.95 and the record of conviction does not show him to be ineligible as a matter of law, the trial court's summary denial of his petition was in error. The matter is therefore remanded to the trial court for issuance of an order to show cause and an evidentiary hearing in accordance with subdivisions (c) and (d) of section 1170.95.

C. *At the evidentiary hearing under section 1170.95, subdivision (d), the People must prove, beyond a reasonable doubt, every element of liability for murder under current law.*

At the hearing following the trial court's issuance of an order to show cause, the prosecution will have the burden of proving beyond a reasonable doubt that appellant is *ineligible* for resentencing, and both parties may offer new or additional evidence on that issue.  (§ 1170.95, subd. (d)(3).)  However, there is currently a split in authority on what legal standard a trial court should apply at a section 1170.95, subdivision (d) hearing. In *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309, Division One of this District concluded the applicable standard is akin to substantial evidence review. That is, "[t]o carry its burden, the prosecution must . . . prove beyond a reasonable doubt that the defendant *could* still have been convicted of murder under the new law—in other words, that a reasonable jury could find the defendant guilty of murder with the requisite mental state for that degree of murder.  This is essentially identical to the standard of substantial evidence . . . ."

We rejected this view in *People v. Fortman* (2021) 64 Cal.App.5th 217 (*Fortman*), review granted July 21, 2021, S269228.  There, we held "that, at the hearing contemplated by

9

section 1170.95, subdivision (d), the People are required to prove *to the trial court* beyond a reasonable doubt that the petitioner is guilty of murder on a theory of murder valid after Senate Bill 1437's enactment." (*Id.*, at p. 226, rev.gr.; see *People v. Lopez* (2020) 56 Cal.App.5th 936, 949 (*Lopez*), review granted Feb. 10, 2021, S265974; *Duchine, supra*, 60 Cal.App.5th at p. 814 ["idea that the prosecution must prove beyond a reasonable doubt that there is substantial evidence in a prior record to support a hypothetical finding of guilt on a theory of murder that may never have been presented to a jury is beyond" incomprehensible]; *People v. Clements* (2021) 60 Cal.App.5th 597, 617–618 (*Clements*), review granted Apr. 28, 2021, S267624; *People v. Hernandez* (2021) 60 Cal.App.5th 94, 103; *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 241–244 (*Rodriguez*), review granted Mar. 10, 2021, S266652.)[5]

---

[5] In granting review in *People v. Duke, supra*, 55 Cal.App.5th 113 (review granted Jan. 13, 2021, S265309), the Supreme Court framed the issue as follows: "Can the People meet their burden of establishing a petitioner's ineligibility for resentencing under Penal Code section 1170.95, subdivision (d)(3) by presenting substantial evidence of the petitioner's liability for murder under Penal Code sections 188 and 189 as amended by Senate Bill No. 1437 (Stats. 2018, ch. 1015), or must the People prove every element of liability for murder under the amended statutes beyond a reasonable doubt?" (https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2332572&doc_no=S265309&request_token=NiIwLSEmTkw3WzBdSCNNSElJUFQ0UDxTJSNOSzpRICAgCg%3D%3D [as of Aug. 10, 2021], archived at <https://perma.cc/AFT4-R3TA>; see *Lopez, supra*, 56 Cal.App.5th 936, rev.gr. [briefing deferred pending decision in *Duke*];

Our Supreme Court will resolve this split in *Duke*, but until it does, "we join the growing chorus that requires an independent finding by the trial court," and proof beyond a reasonable doubt by the People that the petitioner is ineligible for relief. (*Fortman, supra*, 64 Cal.App.5th at p. 221, rev.gr.)

## II. Appellant's Request for Reconsideration of his Motion to Strike the Firearm Enhancement in Combination with Resentencing Is Moot

Appellant requests that on remand, should the trial court resentence him under section 1170.95, the court be directed to entertain his motion to strike the firearm enhancement imposed under section 12022.53, subdivision (b). If the court grants appellant's section 1170.95 petition and resentences him, however, the firearm enhancement would necessarily be stricken because his only remaining conviction would be assault with a deadly weapon, which is not one of the offenses enumerated in section 12022.53. In that instance, appellant's request would be moot. On the other hand, if the trial court denies the resentencing petition after an evidentiary hearing, appellant would not be entitled to relief under Senate Bill No. 620 because his conviction remains final.

---

*Rodriguez, supra*, 58 Cal.App.5th 227, rev.gr. [same]; *Clements, supra*, 60 Cal.App.5th 597, rev.gr. [same].)

## DISPOSITION

The postjudgment order is reversed.  The matter is remanded to the trial court for the issuance of an order to show cause and further proceedings in accordance with Penal Code section 1170.95, subdivision (d).  If the trial court conducts an evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d)(3), the court, acting as an independent factfinder, must determine whether the prosecution has established beyond a reasonable doubt that the petitioner is guilty of murder on a theory of murder that remains valid after the changes in the law engendered by Senate Bill No. 1437 and is thus ineligible for relief.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

12