Filed 8/24/21  P. v. Miranda CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| THE PEOPLE, | B308583 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA061835) |
| v. | |
| JERRY MARTIN MIRANDA, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**INTRODUCTION**

Appellant Jerry Martin Miranda challenges the denial of his petition for recall and resentencing under Proposition 36, the Three Strikes Reform Act of 2012.  (See Pen. Code, § 1170.126.[1])  Appellant's appointed counsel filed a brief on appeal raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Appellant filed a supplemental brief, asserting that the court erred in denying his petition and challenging the circumstances of his guilty plea. We affirm.

**BACKGROUND**

**A.     Prior proceedings**

On May 8, 2003, police and parole officers conducted a parole search of appellant's apartment.  Appellant was detained in the hallway inside the apartment.  Appellant admitted he had drugs in his pants in the bedroom.  Officers searched the bedroom and recovered cocaine and heroin from appellant's pants pocket.  Officers also located a loaded handgun in the bedroom hidden between the mattress and box spring.  A parole agent found a "hype kit" containing syringes in the kitchen.  Appellant admitted to officers that the drugs were for his personal use, and that he kept the gun for protection.

Appellant pled guilty to one count of possession of a firearm by a felon (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1), count 1), two counts of possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a), counts 2 and 3), and one count of possession of narcotics paraphernalia (Health & Saf. Code, § 11364, count 4).  He also admitted that he had suffered four prior strike convictions

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)) and served three prior prison terms (§ 667.5, subdivision (b)). The court sentenced appellant to 25 years to life on count 2, a concurrent sentence of 25 years to life on count 3, and 60 days on count 4. The court stayed the sentence on count 1 under section 654. Appellant challenged his sentence on appeal, and this court affirmed. (*People v. Miranda* (Mar. 23, 2005, B171716) [nonpub.opn].)

In 2013, appellant petitioned for resentencing under Proposition 36, which allows certain inmates serving Three Strikes terms to petition for modification of their current sentences. The People opposed the petition, asserting that appellant's offenses did not qualify for resentencing based on the firearm disqualification provision: an offense does not qualify for resentencing if, during the commission of that offense, the defendant "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

At the hearing on the petition, in which appellant was represented by counsel, it was undisputed that a loaded gun was located under a mattress in appellant's home while appellant was detained in a different room.[2] Health and Safety Code, section 11370.1 provides that "'armed with' means having available for immediate offensive or defensive use." Defense counsel argued the facts were insufficient to meet this definition; the People argued the definition was met. The trial court found that the gun was "readily available for offensive/defensive use"; therefore,

---

[2] Appellant does not challenge the finding that he possessed a controlled substance; he stated in his petition that during the search, he "told the Officers where to locate a small amount of drugs (for personal use)" in the home.

3

appellant was armed with a firearm during the commission of the offenses and was ineligible for resentencing.

This court affirmed the ruling. (*People v. Miranda* (Jan. 8, 2016, B261306) [nonpub. opn.].) We noted that the "transcripts showed that during the search of his apartment, defendant admitted he had narcotics in his pants which were in his bedroom; upon recovering the narcotics from defendant's pants, police also found, within an arm's span of the pants, a loaded semi-automatic handgun hidden under a mattress." (*Ibid.*) We stated, "Applying the temporal definition of the term 'armed with a firearm' to the record of conviction in this case, we conclude there is substantial evidence to support the finding that defendant was armed with a firearm during the commission of the current offenses. We therefore conclude he is ineligible for resentencing under Proposition 36." (*Ibid.*)

**B.      Current proceedings**

In July 2019, appellant in propria persona filed a form petition for writ of habeas corpus, which also stated on the cover that it was seeking "recall of sentence" under section 1170.126. Appellant noted that his previous petition had been decided under a preponderance of the evidence standard. After that denial, the Supreme Court held that under Proposition 36 the People must establish a petitioner is ineligible for resentencing beyond a reasonable doubt. (*People v. Frierson* (2017) 4 Cal.5th 225, 230 (*Frierson*).) Appellant therefore requested that the court consider resentencing under the standard articulated in *Frierson*. Appellant also asserted that he was not armed when he was arrested, and his offenses were not serious or violent felonies. Appellant further contended that Proposition 36 was vague and failed to give notice as to the meaning of "armed." In addition, he

4

argued that in 2014 he sought a substitution of counsel, but the court never provided a *Marsden* hearing.[3]  Appellant also asserted that the "Proposition 36 Court proceedings were a sham and a miscarriage of justice because he went through the process without an attorney."

The court, referring to appellant's "petition for recall and resentencing pursuant to Penal Code section 1170.126," appointed counsel to address the *Frierson* issue on August 28, 2019.  On March 20, 2020, appellant filed a document stating that he had attempted to discuss his case with his appointed counsel, but as of March 2020, appellant had not heard from counsel in more than six months.  Appellant also argued that his counsel at the time of his guilty plea was ineffective, appellant never intended to plead guilty to being armed, and if his guilty plea was interfering with the resentencing, "I would like to take back my guilty plea because this reasoning of law was not explained to me."

On May 18, 2020, the court set a resentencing eligibility hearing for August 31, 2020.  Appellant, through his appointed counsel, filed supplemental briefing asserting that under *Frierson*, "the People must prove beyond a reasonable doubt that Petitioner Miranda was armed with a loaded and operable firearm . . . ."  Appellant stated that when he was arrested, he was "first observed by police officers walking naked down the hallway of his apartment."  Appellant acknowledged that a guilty plea may be interpreted to admit all elements of an offense, but argued, "The record is silent as to why Petitioner Miranda pled to the charges.  We do not know if Petitioner Miranda was informed he was pleading to an armed with a firearm charge when he

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

5

clearly was unclothed and was initially observed by police officers outside the room where the narcotics and weapon were found." Appellant submitted a separate letter to the court, asserting in part, "No one explained to me all the different ways one can be considered to be armed, and now the prosecution is using this to deny my eligibility."

At the hearing on August 31, 2020, defense counsel argued that appellant "wasn't armed with a firearm. He was, in fact, he was down the hallway." The prosecutor argued that this case was similar to others in which a defendant was deemed armed when guns were found in a home, but not on the defendant's person. The prosecutor stated, "[Appellant] told the officers where the drugs were in his pants in the bedroom. The gun was recovered within an arm's length from where the drugs were[,] hidden beneath the mattress. In addition, at a later point, he actually told one of the officers that he possessed that firearm for purposes of protection."

The court took the matter under submission and issued a written ruling finding appellant ineligible for resentencing. The court noted the relevant legal standards and stated, "Here, a loaded handgun was found directly in petitioner's bedroom. It was readily available to him from the hallway for offensive or defensive purposes. [Citation.] Petitioner stated that this was the reason he acquired the gun. . . . Thus, there is more than sufficient evidence to find that Petitioner was armed with a firearm during his unlawful possession of a firearm." The court held, "Accordingly, the court finds after an evidentiary hearing that the Petitioner was armed with a firearm beyond a reasonable doubt within the meaning of Penal Code sections 667(c)(2)(C)(iii) and 1170.12(e)(2)(C)(iii).)"

Appellant timely appealed.

## DISCUSSION

Appellant's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Under *Serrano*, when appointed counsel raises no issue in an appeal from a post-judgment proceeding following a first appeal as of right, an appellate court need not independently review the record and may dismiss the appeal if the appellant fails to file a supplemental brief.  (*Id.*, at pp. 498, 503.)  We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days.

Appellant timely filed a supplemental brief. In a case under *Serrano*, "if the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits."  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040.)  We therefore address the issues set forth in appellant's supplemental brief.

## A.     Appellant was not eligible for resentencing

### 1.     *The record demonstrates appellant was "armed"*

Appellant challenges the trial court's denial of his request for resentencing under Proposition 36 based on the finding that appellant was "armed."  Generally, denial of a motion under section 1170.126 is an appealable order.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)

Under Proposition 36, a petitioner "is statutorily ineligible for resentencing if '[d]uring the commission of the current offense, the defendant . . . was armed with a firearm or deadly weapon.' (§ 1170.12, subd. (c)(2)(C)(iii).)"  (*People v. Cruz* (2017)

7

15 Cal.App.5th 1105, 1109.) "'[A]rmed with a firearm,' as that phrase is used in the [Three Strikes Reform] Act, [means] having a firearm available for offensive or defensive use.'" (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052; see also *People v. Brimmer* (2014) 230 Cal.App.4th 782, 796; *People v. Cruz, supra,* 15 Cal.App.5th at p. 1110.)

Appellant pled guilty to violating Health and Safety Code, section 11370.1, subdivision (a), which states that "every person who unlawfully possesses any amount of a [controlled substance] while armed with a loaded, operable firearm is guilty of a felony. . . . As used in this subdivision, 'armed with' means having available for immediate offensive or defensive use." "A guilty plea admits every element of the charged offense." (*In re Chavez* (2003) 30 Cal.4th 643, 649; see also *People v. Turner* (1985) 171 Cal.App.3d 116, 125 ["A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt"].) Through his guilty plea, therefore, appellant admitted that at the time of the parole search, he was armed with a loaded, operable firearm that was available for immediate offensive or defensive use. Under the plain language of the "armed with a firearm" exclusion in Proposition 36, appellant's two convictions under Health and Safety Code, section 11370.1, subdivision (a) were ineligible for resentencing. (See, e.g., *People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 995 [trial court erred as a matter of law in finding that a petitioner convicted under Health & Saf. Code, § 11370.1, subd. (a) qualified for resentencing under Proposition 36].)

In his supplemental brief on appeal, appellant focuses on count 1, possession of a firearm by a felon, asserting that

"possession" is not tantamount to being armed. He contends that because the gun was not in the immediate area in which he was detained, he did not have ready access to the firearm and it was not available for offensive or defensive use.

We are not persuaded. It is well settled that a defendant may be deemed "armed with a firearm" when a gun is found close to the defendant, even if the firearm is not directly under the defendant's control at the time of detention. (See, e.g., *People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1011 [the defendant was armed when he was detained in the doorway of the home and the firearm was in an adjacent bedroom]; *People v. Hicks* (2014) 231 Cal.App.4th 275, 284 [the defendant was armed when he was detained outside an apartment building and the firearm was found in the defendant's backpack inside an apartment]; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1317 [the defendant was armed when he was detained outside the front door and two guns were found inside his apartment].)

Appellant relies on *People v. Byers* (2020) 53 Cal.App.5th 1106 (*Byers*), but it is factually dissimilar. *Byers* discussed the difference between being "armed" with a firearm and "possession" of a firearm. The defendant was arrested in one location, and a firearm was found in a house four miles away along with some of the defendant's other belongings. The Court of Appeal held that although the defendant "possessed" the firearm, the firearm was not readily available to the defendant, so "there is insufficient evidence [the defendant] was armed with a firearm during the offense of possessing the firearm." (*Id.* at p. 1112.)

The facts here are not comparable. Appellant was detained, naked, in the hallway, and the firearm was found in the bedroom an arm's length from his pants containing the controlled

substances. The firearm was mere steps away from appellant, as readily available to appellant as his clothing. Moreover, appellant admitted he kept the firearm for defensive use. The court's finding beyond a reasonable doubt that appellant was armed with a firearm is supported by the record.

2. *There is no evidence the trial court was biased*

Appellant also asserts that the court's decision should be reversed because the trial court judge, William C. Ryan, was partial or biased. Appellant asserts three bases for this contention. First, appellant points out that Judge Ryan decided appellant's 2013 petition for resentencing. Appellant argues that Judge Ryan was therefore ineligible to decide his second petition for resentencing under Code of Civil Procedure section 170.1, subdivision (b), which states, "A judge before whom a proceeding was tried or heard shall be disqualified from participating in any appellate review of that proceeding." Appellant's contentions are not supported by the record. Judge Ryan did not participate in the appeal following appellant's first petition for resentencing, and appellant's successive petition for resentencing does not constitute an appeal from the ruling on the first petition.

Second, appellant contends that Judge Ryan showed bias when discussing *Byers, supra,* 53 Cal.App.5th 1106 at the eligibility hearing. At the hearing, Judge Ryan stated, "I know the case and I know the facts," and remarked that he thought the case was "wrongly decided." Appellant points out that Judge Ryan "presided over the Byers case," and asserts that Judge Ryan's comment shows he "could not be impartial" due to the "reversal on the case he adjudicated." Judge Ryan's comment that *Byers* was wrongly decided does not show any bias in appellant's case. To the contrary, Judge Ryan noted at the

10

hearing that the facts in *Byers* were different, and stated in his written ruling, "*Byers* is factually inapplicable."

Third, appellant asserts that Judge Ryan should be disqualified under Code of Civil Procedure section 170.1, subdivision (a)(1)(A), which states that a judge shall be disqualified if he or she "has personal knowledge of disputed evidentiary facts concerning the proceeding." Nothing in the record suggests Judge Ryan's familiarity with either *Byers* or this case arose from any personal connection to the cases, as opposed to from his professional role as judge. The record does not support appellant's contentions of bias.

3. *Proposition 36 is not unconstitutionally vague*

Appellant contends Proposition 36 is unconstitutionally vague because it fails to provide fair notice to someone charged with possessing a firearm about what conduct might bar eligibility for resentencing. Appellant, again focusing only on count 1, argues that he was charged with "possessing" a firearm, and states, "One would question why Appellant wasn't charged as being 'armed.'" He asserts, "Appellant was not charged or convicted of being armed, therefore, the finding of the trial court, that Appellant was armed should not be used as a 'disqualifying factor' to preclude resentencing."

Appellant's contention is not supported by the record. He was charged with two counts of possession of controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), he pled guilty to those two counts, and was sentenced on those two counts. His contention that he was convicted *only* of possession of a firearm is not supported by the record. Moreover, Health and Safety Code section 11370.1, subdivision (a) includes a definition of "armed with a firearm." No evidence in the record

11

suggests appellant's plea to counts 2 and 3 was not knowing and voluntary. In addition, the facts of the case demonstrate that appellant was armed with a firearm.

**B.**     **Appellant may not challenge his guilty plea**

Appellant argues that if we find he was "armed," we should allow him to withdraw his guilty plea because he was not provided with sufficient notice of what his plea would entail. He also argues that his plea was invalid because it was based on a misrepresentation about the sentence he would receive, and because his counsel was ineffective. Appellant further contends that his statements to officers were made under duress and in violation of *Miranda v. Arizona* (1966) 384 U.S. 436.

These contentions go beyond the scope of the issues the court decided below and are not appealable. Appellant's request was labeled "petition for habeas corpus," but the trial court treated it as a petition for resentencing under Proposition 36. Appellant did not object. As noted above, the denial of a resentencing petition is appealable. To the extent appellant's request can be deemed a petition for habeas corpus, however, it is not appealable. (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064 ["No appeal lies from an order denying a petition for writ of habeas corpus"].)

Moreover, appellant may not challenge the validity of his plea and conviction. His judgment of conviction is long since final, and appellant's assertions are not cognizable in an appeal from a post-judgment order denying a petition for resentencing. We therefore do not consider appellant's challenges to his guilty plea.

12

## DISPOSITION

The court's order denying appellant's petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


WILLHITE, ACTING P.J.


CURREY, J.